The first case today is number 161682 United States v. David Cohen and number 161703 United States v. David Polk. Good morning. May it please the court, my name is James Krasnew and I represent... Could you just make sure you pull, maybe just pull the mic towards you, there you go. I think that'll be good. My name is James Krasnew and I represent the defendant, I, David Cohen. Mr. Cohen was charged in indictment with violation of three offenses. Theft of government property, it involved several counts. One count of conspiracy to violate the theft of government property. And one count of money laundering with intent to seclude or conceal the proceeds of it. He was never charged with identity fraud. The parameters of the superseding indictment never alleged that he cashed the tax, sorry, never alleged that he created the tax returns, secured identification information to cause the creation of the tax returns, ever saw the tax returns, ever had anything whatsoever to do with the tax returns. His job, according to the government in its theory of the money laundering case, was that he was to receive the checks and deposit the checks into accounts. Initially, I owed the fund accounts, those are lawyers' interest-bearing accounts in the Commonwealth of Massachusetts, and thereby able to have checks made up to third parties deposited into those accounts. That he did so, and he caused the proceeds to be extracted from those accounts, some of which he put into his own private accounts. At the time of the sentencing, however, the court found that even though the payees named on the tax returns were unknown to Mr. Cohen, that he had never obtained information about their identity, because the payees' names were on the checks, he could be charged with the equivalent of having them named as victims. There's two aspects to the victims' charges that are probably misconstrued. Your basic argument, I think, today is simply about the sentencing. Isn't that basically what you're talking about? That's correct. So, the question then is whether you can look at the entirety of what he did, that he in fact knew that the checks, he didn't see the people, he had these checks with various names, some with the same name, he saw to it that they were laundered first through the IOTA account, later through the other accounts. Why isn't that enough for the enhancement? Because it's the enhancement you're talking about. Well, first let me give you an analogy that I think demonstrates why it's not enough. If I sell a kilo of cocaine on the street to you, and I'm charged in a conspiracy to distribute cocaine, or a possession with intent to distribute cocaine, I don't believe in sentencing. The government can now try to show that he had to know that cocaine is not manufactured in this country, it's imported, and therefore he can be charged with relevant conduct of importation of it. But why isn't this relevant conduct here? He had to know that these checks were, that he was depositing checks where he didn't know the people, he didn't know the names, although some of the names were repeated, he had to know that. So why isn't that all relevant conduct? That he knew that these checks came from people who didn't know that they were being used in this fashion. I think, Your Honor, it centers on a fact in this case. One is, I received a genuinely issued tax refund check. I don't know who had stolen from the person's mailbox. And I get hundreds of them. So it's clear that... Didn't the district court here find that he knew this was part of the scheme? The court did find that he had to know it was part of the scheme. Didn't he? But they were finding that he knew. I don't think that he ever found that they specifically knew how these checks were created from phony tax returns. No, but he knew that they were from phony tax returns. I know you may dispute that. I'm just saying, just with the record shows, the district court decided on the understanding that he knew that. I think the district court decided that because of the volume of checks and because of his conduct and how he treated the checks, he had to know that they were fraudulent. But that's a finding that he knew. In other words, it's making a finding based on circumstantial evidence that by a preponderance he knew that. I think that's correct. Okay, so given that, I understand you might have a problem with relevant conduct being attributed to somebody in sentencing when it's just on a preponderance rather than beyond a reasonable doubt. But our precedent forecloses on that argument, unfortunately. So why, if there's a finding that he knew, is there a problem with applying the enhancement? I think that because the finding is not rooted in the facts of this case. So it's a clear error? I think you have to. Can you win if we find that he did not clearly add a finding that he knew? I'm sorry? Can you win if we find that the district court did not clearly err in finding that the defendant knew that these checks came from a fraudulent tax preparation? Not under the present state of this record, no. But when you take a look at the facts that were proven at the trial, when you take a look at the facts that were proven at the sentencing through Gonzalo Pabon's testimony, when you take a look at the documents, and you take a look at the court's initial findings, that he had nothing whatsoever to do with the tax returns, I think you can find that the court's conclusion is specious. But secondly, for the court to find that, he has to find in imposing the enhancement that Mr. Cohen used the means of identification. And there's no such use. Barawa, the recent case from this court, suggests that this is not use. Merely causing a check to be cashed that is the name of a human being is not a use of identification in a way that's far too commonplace. Why not? Because the way the statute contemplates it then, it exposes anyone, whoever deposits a check, when there's something wrong with that check, to this kind of a charge. There's a difference between doing something once, when you can have an honest error, and doing something multiple times, where in some cases the names are the same, but multiple times, that's I think a totally different argument. Don't you also have another problem here, just for your client's sake? You've got a substantial break on the sentence, significantly below the guideline as I recall. Yes. Assuming that you go back, if we found in your favor, and he went back for resentencing before another judge, he might not get that benefit. And so is there a substantial risk that your client's taking here? He is taking a risk, Your Honor, but I see no reason on this set of facts why this court would ever think to remand to a judge other than the judge who handled it below. I am not suggesting... Well, that's not up to us to decide. That's sometimes local rules do that. I think, and I've got some familiarity with remands, Your Honor, given the fact that I've been around this building for a while now, I'm pretty sure it would go back to Judge Sorokin. We've never claimed any impropriety on the part of the district court who handled this. That's Judge Sorokin. And it's usually some impropriety or some predisposition to our point of view that would condemn the requirement of another judge coming aboard. Judge Lynch, I want to give you an opportunity to ask any questions if you have. There's only a minute left on your time, but if it goes over, that's fine. Thank you. Judge Lynch, are you able to hear us? Yes. We can hear you now. I have no questions. My two colleagues have asked all of my questions. Thank you. Okay, great. You still have, well, actually, 43 seconds. So what I'd like to address, Your Honor, is I think the settlement agreement with the Attorney General's office is a clear error. It foreclosed Mr. Cohen from a very liable defense. We submitted the letters of commendation to Mr. Cohen at the time of sentencing, but several of those people were on the witness list that we proposed for character reference. For the government to be able to say over and over again, were you aware that there was an AG's agreement, puts the elephant in the room that condemns everything and poisons the atmosphere. The fact of the matter is that agreement says nothing at all about any crime, any wrongful conduct, any initial wrongful conduct, and was therefore prejudicial to be introduced at all. And it was never in there showing that it was a public document. It was filed as a settlement in a public lawsuit, but not a public document. Well, didn't you make an agreement as to how it was to be handled? Doesn't that sort of waive any of this argument that you're making now? And I think it doesn't because in camaraderie, Your Honor, there was no objection to the judge's initial ruling. And in my case, there was. I told the judge, what you're doing is chilling my effect to put on that kind of evidence. The judge, in fact, distinguished between the ability to ask Mr. Cohen that, and the ability to ask the reputation witnesses. But didn't he come back and say we had an agreement? We came back and said we had an agreement as to the limitation of the question, but it was at that point solely going to be directed to Cohen. I was giving up Mr. Cohen's right to present the other witnesses, but that was in the context where we had already told the district court that his ruling was flawed and adverse to us for no reason. But how would the district court have known after you'd come back and said, well, now we've reached an agreement that you had preserved the prior objection and weren't satisfied? I said that. I said, Judge, we're chilled from calling these witnesses. As a result, we reached this agreement, but that still coerces us from calling these witnesses. I see. Okay. Thank you. I'm here. I'm in here. You think so? I don't know. May it please the Court in good morning. I think if you could pull that up higher. Hi. Thank you. Is that better? Ryan DeSantis for the United States. Your Honors, I'd like to start with the issues raised by the defendant. First, the settlement agreement. Your Honors are correct. I'm going to do it only because I want to make sure the Judgements can hear you well. If you disagree, we'll close the hearing. Is that better? Yeah. Thank you, Your Honor. Then you've got to stay near it, though. I'll try my best not to move it. I'd like to start with the settlement agreement issue raised by the defense. Your Honors are correct. The issue has been waived. There was an agreement. It was stated by the defense. The defense interrupted the Judge on the relevant morning of the trial to state that agreement, and that waives any argument he has on appeal. In any event, the order that he is challenging, which came out the weekend prior to the agreement, is an unreviewable conditional order. It was an order that talked about taking each question question by question and determining whether or not each question was appropriate. Subsequent to that, you made the arrangement. Correct. Subsequent to that, we did have discussions and negotiations and came to the agreement. So that argument is waived. As we state in our brief, even if it hadn't been, the cross-examination of the defendant was proper. I would just note that the government did not ask Mr. Cohen on the stand over and over again about the settlement agreement. There was one series of, I think, three questions at the outset of the government's cross-examination that dealt with it. That was it. We moved on. That was actually in response to Mr. Cohen's story of innocence and not having intent, and also his story about good character, saying that he was working with a professional for the benefit of the members and helping out people like Mr. Gonzalez because he was a good person. Can I ask you about this enhancement for victims? Yes, sure. Just so I understand what the government's theory of the case is and how broad the theory is, because what concerns me is, in this case, there's a finding by the district court that the defendant knew, and we have to decide whether that was a clearly wrongness finding or not. But I couldn't tell whether the government's position is that that matters, that there's a finding that he knew, because if you just read the text of the guideline, it's not clear to me that knowledge is a prerequisite to finding the enhancement applies. And here, there was no identification crime alleged. The underlying charge doesn't relate to that. So it's just relevant conduct. And it just raises the concern that your opponent counsel presents, which is in a case in which somebody just cashes a check unknowing of the provenance of that check, could in theory be subject to the guideline. And I'm just curious what the government's view about that proposition is. Well, I think, as Your Honor notes, that's absolutely not this case. There was clear evidence, in fact, and I think the judge was correct in finding, that he knew that these were the identities of real people that were used in an operation. How is that relevant to the guideline? How is knowledge relevant to the guideline? Well, obviously, I think with respect to the victims, generally speaking, there's a requirement of reasonable foreseeability, although, as Your Honor states, that is not actually stated in the guideline. So I think that there's at least an argument that the defendant does not have to have knowledge. However, obviously, in the interest of justice, the court may find that that may be too broad of an application of the guidelines. Again, I wouldn't take a position on that because that's not this case. How would you answer this possibility? The absence of the, and I'm not sure this argument was actually made by the defendant, but I'm just trying to think how the guideline works. The absence of a knowledge requirement in the text of the guideline makes me at least wonder whether that part of the guideline is imagining that there was a crime, an underlying crime, that related to identification. So that in a case in which there isn't one, you couldn't use that enhancement to do means of identification as relevant conduct. What would you say to that, just as a way of construing the guideline? Do you follow? Just so I follow, to make sure that I follow, your Honor is suggesting that the way the guideline is written, there's an assumption that there's an underlying crime. Correct. Here there isn't. Either there is or there isn't. Yeah, and here there is not. Not by the defendant. Correct. At least not directly participated in by the defendant. Correct. So in a case like that, you're asking us nonetheless to apply the guideline, and the text of the guideline then leaves you in a situation where the guideline could apply even to a defendant who didn't know that there was any underlying means of identification used, which is very troubling. And then you want to solve that by saying, well, import in a kind of foreseeability requirement or knowledge requirement, because here we have facts that show there was knowledge. But I'm just saying, textually, I don't really see how the knowledge actually bears on that question, which makes me worried that maybe the way the guideline is written is contemplating an underlying charge and offense that just doesn't exist here. Well, I would say this, Your Honor. I do not believe that the guidelines contemplates an underlying. It definitely is not explicit about contemplating an underlying charge. And, again, like a lot of things in the guidelines, there is no requirement that there is an underlying count against that particular defendant. And I think in this case in particular, where a defendant participated in a conspiracy and was not a direct participant on the front end of the conspiracy that required the theft of identities but participated in basically completing the conspiracy and completing the crime, I don't think there's any question that this guideline should apply. And I don't believe that there is any requirement that is contrary to that, that would require that David Cohen be charged with 1028, small a, 7, or 1028, capital A. So I do not believe that's clear. Now, with respect to the knowledge requirement, whether or not that's stated in there and it's not clearly suggested, the difference between, there's a significant difference between someone having knowledge of the underlying activity and someone being charged with the underlying activity. And I think that that's an important distinction here. And knowledge should be sufficient, particularly with respect to a conspiracy or a scheme where someone is participating with other individuals who are all doing different things in order to achieve a common objective. So I believe that, first of all, there is no requirement that David Cohen be charged. And I do not believe one should be read into the enhancement in any way, shape, or form. And I believe that taking that approach, again, would implicate a whole host of enhancements where under the preponderance standard, because of the type of conduct that the Sentencing Commission has deemed to be egregious and important to factor into sentencing, the Commission has decided and Congress has decided in adopting the recommendations that there need not be an actual count or charge for the defendant in order to achieve justice in that manner. So I think that any attempt to read that in would be a significant error. And it's not the case. The government's position clearly is that there's no need for that here. With respect to the knowledge requirement, I also don't think, assuming that the court were to read a knowledge requirement into the enhancement, that that would somehow require that there be anything additional in addition to, for example, charges that need to be brought. So I don't think, to the extent there's a concern about there not being an explicit statement that there need to be knowledge or there needs to be reasonable foreseeability, the way to deal with it would not be to require some sort of charge. Judge Williams, do you have anything further? No, thank you. Okay, thank you very much. We would rest on our brief for the rest of the issues. Thank you very much, Your Honors.